742

34 C.P.A. (Patents)

Application of THAYER.
Patent Appeal No. 5231.

Court of Customs and Patent Appeals.
Feb. 11, 1947.

Morrison, Kennedy & Campbell, of Washington, D. C. (Donald Campbell, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal from a decision of the Board of Appeals of the United States Patent Office involves rejected claims 60 to 63 inclusive, 66 and 67 of an application for a patent relating to "Heat-Resisting Wall Construction." The Primary Examiner allowed two claims, but rejected claims 49, 60 to 64, inclusive, 66, 67 and 70 to 73, inclusive, as unpatentable over the prior art.

The Board of Appeals reversed the rejection of the examiner as to claims 70 to 73, inclusive, but in all other respects affirmed his decision.

█ Appellant in his notice of appeal withdrew the appeal as to claim 49 and in his brief abandoned the appeal as to claim 64. Therefore, the appeal as to the latter claim will be dismissed.

The cited prior art reads as follows:

Brooke, (Brit.), 6,548, March 17, 1904.

Edge et al., 1,637,742, August 2, 1927.

Baird et al., 1,948,093, February 20, 1934.

Pfeifer, 2,014,451, September 17, 1935.

Stafford, 2,042,870, June 2, 1936.

Reintjes, 2,143,280, January 10, 1939.

Brinckerhoff et al., 2,144,598, January 17, 1939.

Doyle, 2,225,983, December 24, 1940.

Hensel, 2,270,297, January 20, 1942.

The claims 60 and 63 are illustrative of the subject matter and read as follows:

"60. As an individually mountable and demountable wall panel member for a multiple-panel heat-resistant or furnace wall, a preformed portable wall panel slab of predetermined dimensions and of unitary rigid and self-contained structure in its entirety and adapted with other similar panel members collectively to provide a closed furnace wall; said panel slab being constructed substantially throughout its thickness of nonmetallic precast and set plastic material constituting a monolith and having refractory character at least at its inner layer, with a reinforcing system of metal elements embedded in said panel slab, and

a prearranged set of relatively small metal anchor socket members or threaded nuts held by said reinforcing elements and fixedly embedded and locked in non-protruding position within the set outer layer of the panel slab but exposed to outer access and engagement; said slab-reinforcing system including for each anchor nut an embedded post member extending inwardly from the nut and with the outer end of which post member the nut is unified and held outwardly in its accessibly exposed position."

"63. A heat-resistant multiple-panel wall adapted for enclosing furnaces or other heat chambers, and composed of a skeleton supporting frame of structural columns, girders, etc. and an inner system of individually mounted and exteriorly removable preformed wall panels collectively closing the wall and supported by and in protecting relation to the frame; each of such panels consisting substantially of a precast monolithic panel slab constructed substantially throughout its thickness of non-metallic set plastic material which is refractory at least at its inner layer, with a contained reinforcing system of metal elements or posts embedded in the panel slab; and a prearranged set of relatively small metal anchor inserts or threaded socket members held by said reinforcing elements and fixedly embedded and firmly locked in substantially flush position within said molded slab but exposed to outer access and engagement; and combined with such system of panels a plurality of exteriorly accessible threaded mechanical attaching devices engaged with the panel anchors and arranged to tighten the several panels securely but removably to structural members of said frame, and such frame comprising structural members positioned and adapted to have the panels so attached thereto and supported thereon; whereby individual panels may be detached and exteriorly removed from the wall and replaced or reattached in the wall."

The invention relates to heat-resisting wall structures comprising an exterior metallic skeleton framework of conventional design made up of I-beams, girders and horizontal beams. Heat-refracting panels of non-metallic pre-cast and set plastic material, in monolithic form, with a more insulating layer at the outer portion and a more refractory layer at the inner portion thereof, are separately attachable and removable from the exterior of the structure and are adapted to provide a furnace or other heat chamber wall. The layers of the panel are bonded together and reinforced by means of wires and intervening posts. A layer of wire mesh is partially embedded in the outer side of the slab over which may be applied a sealing material after the wall is constructed. In the panel there are several hollow post members, predeterminedly spaced, in each of which is embedded a threaded nut serving as an anchor which is in non-protruding position to the outer layer of the panel slab. The reinforcing post members extend inwardly from the embedded nuts. The panels are secured to flanges of the cross beams by means of stud bolts which enter into the embedded nut through spacer plates and clips. Exterior nuts threaded on the outside of the stud bolts complete the fastening means.

The Brooke patent relates to furnace wall construction and discloses a metal shell to which is fastened a lining which may be composed of a layer of insulating material on the outside thereof and attached thereto a layer of refractory material on the inside. The layers are fastened to the shell by reinforcing means, which may be bolts.

The patent to Baird et al. relates to an insert for slabs of cement and discloses means for attaching them to I-beams in the construction of "walls, roofs, floors or other structures." A nut is shown embedded in the slab together with a cooperating bolt and clip for fastening the slab to the I-beam. The bolt is threaded through the embedded nut which is covered by an inverted U-shape member, the legs of which extend into the slab below the level of a reinforcing member passing through the legs of another reinforcing member. The U-shape member has an orifice on the top thereof through which the fastening bolt passes into the embedded nut.

The Pfeifer invention is particularly directed to means of securing· corrugated metal sheeting to a supporting frame in

construction work. The patent discloses a clip piece adapted to be placed between the corrugated sheeting and frame so that the corrugations will not be deformed in the process of construction.

The Stafford reference relates to monolithic thermo-insulating walls adapted for use in a furnace. There is disclosed a lining wall composed of plastic and refractory strata, which wall may combine the insulating with the more refractory material so as to produce a zone of graded mixture between the insulating layer and the more refractory one.

The Brinckerhoff et al. patent is concerned with panel wall construction in furnaces exposed to high temperatures. It discloses panel sections comprising a wall. Any of the panels may be removed and replaced from the exterior of the structure.

It is not necessary to describe the other references for the reason that they have not been cited in the rejection of the claims before us.

The examiner rejected claim 60 for the stated reason that its only distinction over the structure of the Baird et al. patent resides in the words "furnace" and "refractory" contained in that claim. He pointed out that the structure in the patent disclosure may be used for furnaces and with respect to the cement slab of the patent stated that in appellant's prior case, Serial No. 256,609, In re Thayer, 143 F.2d 996, 31 C.C.P.A. (Patents) 1224, it was admitted by appellant that ordinary concrete is sufficiently refractory in some installations. With respect to the limitation in the claim calling for a nut unified with the post, the examiner considered that limitation to read directly on the patent since it is stated therein that the insert with the nut could be handled as a unit and further that it would be obvious to eliminate the play of the nut by welding or other means and that the securing of nuts by welding is a common expedient.

In rejecting claim 61 the examiner held it to be generally like claim 60 except for the inclusion of the limitation of the stratified layers and, therefore, to be unpatentable over the patent to Baird et al., as pointed out in his decision in connection with claim 49, which is not before us.

Claim 49 was rejected by the examiner as unpatentable over the Brooke or Brinckerhoff et al. patents. He also held the claim to be unpatentable over Baird et al. He stated that the Baird et al. reference disclosed a cement slab with nut inserts imbedded therein for attachment thereof to a metallic framework by means of bolts and clips substantially as shown by appellant. The examiner held that the cement material of the slab might well be plastic and further that the slab is described in the patent as applicable to wall or other structures, and, therefore, could be used in a furnace wall. The examiner further pointed out that although the patent does not disclose strata of insulating and refractory materials, such feature is old because of the disclosure of it in the Brooke patent. In that connection he also cited the patent to Stafford in which is shown a furnace wall made up of an insulating and a refractory layer bonded together. He finally held that there could be no invention in applying the strata construction of the Brooke patent to the structure of Baird et al. Therefore, the rejection of claim 61 as unpatentable over the Baird et al. patent involves the disclosure of the Brooke and Stafford patents.

The examiner rejected claim 62, which contains the limitation of a post extending into the refractory material, on the patent to Brooke which teaches such post extension and which he stated obviously might be applied to the Baird et al. structure.

Claim 63 was held by the examiner to be unpatentable over the Baird et al. patent. He pointed out that the claim is generally similar to claim 60 with the exception that it defines a wall.

The examiner stated that claim 66 differs from claim 63 in merely defining a spacing piece and a clip between the frame and the panel. He rejected the claim on the Baird et al. structure in view of Pfeifer, stating that while the structure of the Baird et al. patent does not disclose a clip means, that it is a common expedient to provide a clip in structural work and that the Pfeifer patent shows such piece between the corrugated sheet and the frame member. He concluded by stating that a spacing plate similar to that in the Pfeifer struct-

ure might obviously be used if so desired in the structure of Baird et al.

The examiner rejected claim 67, which adds the limitation of a bolt threaded at both ends to the structure defined by claim 63. He held that merely the substitution of such type of bolt for a single threaded bolt would not result in patentability.

The Board of Appeals in its decision affirmed that of the Primary Examiner as aforesaid for the reasons given by the examiner, but added to his rejection of claim 60 the statement that the patent to Brinckerhoff et al. shows it is old in the art to apply slabs to furnace walls.

It may be noted that the patent to Baird et al. is the basic reference with respect to the panel slabs defined in the involved claims, the other described references being cited principally for the structure of the panel, wall connection and panel wall.

Appellant does not seriously challenge the disclosures of the prior art. In his brief he states that the issue is not of anticipation but of inventiveness. As far as that statement is concerned, the appellant seems to be correct. However, while the prior art does not anticipate the limitations of the involved claims, the real issue is, in view of the described references, whether or not it would be obvious to one skilled in the art to produce a structure as defined in those claims.

Appellant does not contend that the prior art disclosures are anything but as stated by the Patent Office tribunals. His principal argument is to the effect that in the light of such disclosures it would not be obvious to construct a panel or panel wall as defined in the involved claims. In his brief he describes lucidly the progress of the furnace art and its problems, together with the innovation made by him in panel and furnace wall construction.

Appellant's position seems to be that conceding the elements shown in the prior art to be as stated by the Patent Office tribunals, nevertheless invention is involved in combining, as shown in the rejected claims, the concededly old features. We do not doubt that appellant has made an important forward step in the furnace art. However, such improvement does not necessarily involve invention as was pointed out in the brief of the Solicitor of the Patent Office, citing the case of In re Rauber, 76 F.2d 304, 22 C.C.P.A. (Patents) 1117. See also In re Hodgson, 96 F.2d 285, 25 C.C.P.A. (Patents) 1110.

Appellant stresses heavily the great commercial success apparently enjoyed by his structure in support of his contention that the rejected claim should be allowed. In his earlier application hereinbefore mentioned and described in the case of In re Thayer, supra [143 F.2d 1000], the same importance was attributed to commercial success and was evaluated by the court therein. We may state here as was stated there: " * * * However, commercial success is only one element to be considered in determining the patentability of claims, and when, as in the instant case, the prior art either discloses or plainly suggests the structure and the process defined by an applicant's claims, commercial success is not of great importance." It may well be that the structure as defined in the allowed claims herein is the reason for such commercial success as is shown in the affidavit of appellant.

We think it is clear from a careful examination of the prior art structures and those defined in the rejected claims that appellant has not shown that the tribunals of the Patent Office erred in holding those claims to be unpatentable. There can be no question but that panels comprising a furnace wall replaceable from outside the structure are old in view of the structure of the Brinckerhoff et al. patent. It is equally clear that stratified layers of refractory and insulating furnace lining is likewise old as disclosed in the Brooke and Stafford patents. The attaching of a slab of refractory material to the flange of an I-beam is plainly shown in the Baird et al. patent and the bracket or clip piece in connection with the stud bolt of the rejected claims is shown in the structure of the Pfeifer reference.

While it is true that the Baird et al. and the Pfeifer patents do not relate to furnace structures and that the involved claims are adapted solely for refractory walls, such as those used in the furnace art, nevertheless

those claims define, in their relationship with the metal skeleton framework, structural means common to the building art such as shown by the Baird et al. and Pfeifer structures.

The appeal as to claim 64 is dismissed. The decision of the Board of Appeals affirming that of the examiner in rejecting the other involved claims is affirmed.

Affirmed.