Worley, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all claims remaining in appellant’s application for a patent on an improvement in railway car trucks. No claims were allowed. The grounds of rejection were lack of invention over appellant’s prior patent and res judicata. Claim 21 is representative of the appealed claims and reads:
21. For protective use in a railway car truck having a side frame formed with a longitudinal brake-beam-guiding recess defined by upper and lower interconnected side walls and with its front side open, the inside width of which recess may in manufacture become varied or roughcast from a minimum to a maximum within a given limited range of width, a one-piece trough-shaped wear plate of springy metal adapted to be driven into wear-taking position within said guiding recess regardless of the actual or effective width as manufactured of the recess within such limited range, the opposite side walls of said wear plate being fiared outwardly from its back wall and from each other when the wear plate is normally unsprung; said wear plate in its unsprung fiared condition having an outside width at its back wall approximating but slightly less than the minimum inside width of the guiding recess and having an outside width at its flared open side approximating but slightly greater than the maximum inside width of the guiding recess, whereby the wear plate when driven into the guiding recess takes a sprung position and is thereby placed under sufficient internal stress to maintain a pressure fit between the wear plate side walls and the recess side walls for any width of recess falling within said limited range.
The only reference relied on is
Busch 2,170,112, August 22,1939.
*768 While the reference is appellant’s own patent, it was granted more than twelve years prior to the filing of the instant application and is, therefore, a proper reference for everything it discloses.
The application, which appellant alleges to constitute a patentable improvement over the wear plate in his prior patent, relates to a brake-beam-guiding recess and a wear plate therefor, for railway car trucks. The recess is formed in the side frame of the truck and is of rectangular cross-section with an open front side. The wear plate is made of spring metal and comprises a trough shaped member with a back wall having a width slightly less than that of the bottom of the recess, and side walls which are adapted to fit against the walls of the recess when the wear plate is received therein. The wear plate is so shaped that, when it is unrestrained, the side walls flare outwardly at a slight angle. Accordingly, the plate must be forced into the recess and, when that has been done, the side walls are urged outwardly by their resilience and remain in tight contact with the walls of the recess even after wear has taken place. The wear plate is provided with lips or flanges at the outer ends of the side walls, which overlie the edges of the recess, and the side walls are provided with humps which enter into holes in the walls of the recess when the plate is in place, thus locking it in position.
Appellant’s patent discloses a recess and wear plate which are very similar to those of his application. In the patent, however, the shape of the wear plate, when unrestrained, corresponds to that of the recess and, accordingly, when the wear plate is in place it is held only by the engagement of its humps with the holes in the recess walls, so that it may work loose, especially after some wear has occurred.
While the appealed claims are quite long, they recite no structural difference over the disclosure of appellant’s patent except the initial flaring of the side walls of the wear plate from a width at the back wall which is slightly less than that of the recess to a width at the front of the plate which is slightly greater than that of the recess. Since the width of the wear plate of the patent, at the back wall, must be slightly less than that of the recess to permit the wear plate to be inserted, there is no structural difference in that respect between the patent and the application.
It was the opinion of the Board of Appeals that
The idea of spreading or tapering a member which is to be inserted into another member in order to attain a tight fit in the assembly is regarded as being an elementary expedient which is lacking in patentable merit.
We agree with that statement and are of the opinion that the idea of flaring the walls of the wear plate of appellant’s patent to an outer *769 width slightly greater than that of the recess in order to secure a tight fit, is one which would readily occur to a skilled worker in the art.
Appellant points out certain advantages which result from the use of the flared walls, such as continued tight fit after wear, and adaptability to use in recesses of slightly different sizes. In our opinion such use would be obvious to one skilled in the art. As was said in In re Kepler, 30 C. C. P. A. (Patents) 726, 132 F. 2d 130, 56 USPQ 177, a patent should not be granted for the discovery of a result that would flow naturally from the teachings of the prior art.
Appellant points out that the alleged invention has enjoyed a substantial commercial success and that patents have been granted on it in a number of foreign countries. Those circumstances, however, are not controlling where, as here, there is a clear lack of patentable invention. In re Kleine et al., 23 C. C. P. A. (Patents) 1216, 83 F. 2d 928, 30 USPQ 32; In re Kluter, 25 C. C. P. A. (Patents) 730, 92 F. 2d 906, 35 USPQ 460; In re Thayer, 34 C. C. P. A. (Patents) 893, 159 F. 2d 742, 72 USPQ 486; and In re Coey et al., 38 C. C. P. A. (Patents) 1200, 190 F. 2d 347, 90 USPQ 216.
In view of our conclusion that the claims define nothing patentable over appellant’s prior patent, it is unnecessary to consider the further ground of res judicata also relied on by the Patent Office.
The decision of the Board of Appeals is affirmed.
Jackson, J., retired, recalled to participate.