30 C.C.P.A. (Patents)

## In re FRANCK.
### Patent Appeal No. 4767.

Court of Customs and Patent Appeals.

June 10, 1943.

Vernon D. Beehler, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C., (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying appellant's application for a patent for an alleged invention relating to a design for a dehydrator tube.

The claim reads: "The ornamental design for a Dehydrator Tube substantially as shown."

The references are:

Schworetzky, 1,559,052, October 27, 1925; Hasche, 1,939,694 December 19, 1933; Refrigeration Supplies Catalog, Calumet Dehydrators, center column, bottom of page 71.

Appellant's dehydrator tube, as stated in substance by the Primary Examiner, is a tubular or cylindrical body having rounded shoulders and similar caps and fittings at each end.

Dehydrator tubes are used in commercial and domestic refrigerator lines.

The patent to Schworetzky relates to pressure storage vessels, and discloses cylindrical or tubular vessles having rounded shoulders.

The patent to Hasche relates to a process for separating and recovering sulphur dioxide from a mixture of waste gases, and discloses an apparatus having, among other features, a storage tank, a heat exchanger, and a so-called "separator" in which the liquid sulphur dioxide is collected, each of which elements the tribunals of the Patent Office held was cylindrical in shape having rounded or curved shoulders.

The curvature of the shoulders in appellant's dehydrator tube differs from the curvatures of the shoulders in the vessels disclosed in the patents to Schworetzky and Hasche in that in appellant's dehydrator tube the curvature of the shoulders is more gradual.

The reference Refrigeration Supplies Catalog discloses a dehydrator tube having a cylindrical body with caps forming the ends thereof, and fittings attached to the caps which are similar to the fittings in appellant's design.

As stated by counsel for appellant, the caps in the Refrigeration Supplies Catalog reference extend laterally beyond the surface of the cylindrical body, and, instead of having rounded ends or shoulders, as in appellant's device, the walls of the dehydrator tubes are parallel throughout their entire length.

It was the view of the Primary Examiner, as well as that of the Board of Appeals, that as the patents to Schworetzky and Hasche disclose tubular or cylindrical bodies or vessels having rounded shoulders, it would not involve invention to provide the cylindrical dehydrator tubes disclosed in the Refrigeration Supplies Catalog with shoulders rounded as disclosed in appellant's application.

Counsel for appellant here contends that the patents to Schworetzky and Hasche are not proper references, because the drawings of the tubular vessels therein are "just line drawings," and that there "is no evidence that any object diagrammed in the refer-

ences was ever made or intended to be made in the form shown there."

It is true, as stated by counsel for appellant, that the disclosures in the patents to Schworetzky and Hasche of tubular vessels are in the drawings only and are not described, so far as their contour is concerned, elsewhere in the patents. However, the drawings disclose precisely what the tribunals of the Patent Office held they disclosed, and we know of no authority, and none is cited by counsel for appellant, for holding that patent drawings are not proper as references in applications for design patents. Furthermore, the Primary Examiner stated in his final decision rejecting the appealed claim that "It is customary in the storage vessel art as well as the heat exchange art, *to use cylindrical containers.*" (Italics ours.) That statement is not challenged by any evidence of record.

Counsel for appellant states in his brief that because of the design of appellant's dehydrator tube "sales by applicant's assignee have had a tremendous increase and number many thousands over normal. They have had an exceptional popularity."

That statement of counsel may be true. However, there is no evidence of record to support it.

Counsel further states in his brief that for "utilitarian reasons" a dehydrator tube "should be round in cross section so that it can be more inexpensively manufactured, more easily handled and so that when installed it will present few corners."

If the dehydrator tubes shown in the Refrigeration Supplies Catalog, which it is claimed in appellant's brief were owned by appellant's assignee, were objectionable from a utilitarian point of view because the walls of the cylindrical bodies are parallel throughout their entire length and because the caps on the ends of the cylindrical bodies extend laterally beyond the surfaces of the walls, it certainly would not require the exercise of inventive genius to provide rounded shoulders for such cylindrical bodies and arrange the caps at the ends thereof so that they would not extend or protrude laterally beyond the walls of the cylinder in view of the disclosures in the other references of record, if any such disclosures were needed, showing tubular vessels with rounded shoulders.

Several cases are cited in the brief of counsel for appellant. Some of those cases relate to infringement of letters patent, and have no application to the issues here presented. Other cases cited by counsel relate to the question of the type of utilitarian articles which are proper subject matter for design patents. Those cases apparently are cited for the purpose of showing that the tubular vessels in the Schworetzky and Hasche patents are not proper subject matter for design patents, and that, therefore, those patents are not proper to be considered as references in the instant case.

The answer to that argument of counsel is that there is no evidence of record to indicate that the tubular vessels disclosed in those references are not displayed when in use in the same manner as are appellant's dehydrator tubes.

It is true, as claimed by counsel for appellant, that none of the references anticipates appellant's design. However, neither of the tribunals of the Patent Office held that appellant's design was anticipated by any of the references. What the tribunals of the Patent Office did hold was that, in view of the tubular vessels with rounded shoulders disclosed in the patents to Schworetzky and Hasche, it would not involve invention to provide the dehydrator tubes, disclosed in the Refrigeration Supplies Catalog, with rounded shoulders, such as in appellant's design.

So far as the record discloses, appellant's design, as applied to dehydrator tubes, is new, and, when compared with the prior art dehydrator tubes, it may be more attractive and pleasing to the eye. However, in order to be patentable, appellant's design must involve invention. See In re Griffith, 86 F.2d 405, 24 C.C.P.A., Patents, 713, and cases therein cited and reviewed.

For the reasons hereinbefore stated we are of opinion that appellant's design does not involve invention, and that the appealed claim was properly rejected by the tribunals of the Patent Office.

The decision of the Board of Appeals is affirmed.

Affirmed.