36 C.C.P.A.(Patents)

## Application of ADRIAN.
### Patent Appeals No. 5590.

United States Court of Customs and Patent Appeals.
June 28, 1949.

Cromwell, Greist & Warden, Chicago, Ill. (Franklin E. Quale, Chicago, Ill., and R. Clyde Cruit, Washington, D. C., of counsel), for appellant.

W. W. Cochran, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting appellant's application for a patent for an alleged invention relating to a design "For Lens Panel for Lighting Fixture."

The rejected claim reads:

"The ornamental design for a lens globe for a lighting fixture substantially as shown."

Appellant in his drawings discloses an ornamental globe and lens panel design for an incandescent type lighting fixture. The design includes a hollow, circular panel of substantial depth in the direction of its circular axis. The center of the panel is transparent and in the shape of a convex lens, with a circular bead projecting downwardly and surrounding the circular lens.

The references are:

| | | |
|---|---|---|
| Arenberg | D–104,233 | April 27, 1937; |
| Arenberg | D–118,359 | Jan. 2, 1940; |
| Arenberg | D–120,773 | May 28, 1940; |
| Zimmerman | 2,323,697 | July 6, 1943. |

Each of the patents to Arenberg (Nos. 104,233 and 118,359) discloses a combined globe and panel for a lighting fixture including a circular or oval lens in a square or an oblong globe, respectively.

Each of the patents to Zimmerman or Arenberg (No. D-120,773) shows an angular beading around the outer edge of a bulls-eye lens in a combined globe and panel for a lighting fixture.

In its decision affirming the decision of the Primary Examiner, the Board of Appeals, among other things, said with respect to appellant's disclosure and the disclosures of the art of record:

"Appellant stresses the peripheral circularity of his lighting panel. However, circular panels are well known in the art and it would not be invention to make any of the fixtures circular instead of angular nor to add the downwardly directed bead to Arenberg D-104,233. Adaptation of a circular contour to the reference design is regarded as an obvious expedient leading to an obvious type of design."

Counsel for appellant emphatically contend in their brief that the conclusion of the board hereinbefore described was totally unjustifiable and that

"The error was in mistaking the fact that, though there have undeniably been many circular lighting fixtures, considered generally, nevertheless in the special and highly developed field of lens panel design the concept of *concentric circularity* of the details of a *deep, drum-like unit* was unheard of until applicant came along.

"The Board overlooked entirely the distinctive proportioning of areas of the claimed design, quite dissimilar to anything in the prior art. * * *".

■ The Solicitor for the Patent Office concedes the novelty of appellant's design but correctly contends that mere novelty does not establish patentability and that in order to be patentable, an applicant's design must have required the exercise of the inventive faculty to produce it. In re Jackson, 70 F.2d 919, 21 C.C.P.A. Patents 1128; In re Franck, 136 F.2d 711, 30 C. C.P.A. 1235. See also In re Griffith, 86 F.2d 405, 24 C.C.P.A. Patents 713, and cases therein cited.

■ Appellant's design when compared as a whole with the respective disclosures of the prior art may be more attractive and pleasing to the eye than that of any one of them. However, we agree with

the conclusions of the tribunals of the Patent Office that appellant's design did not in its creation involve invention.

In view of that conclusion, it is deemed unnecessary to further discuss other points raised in the arguments of counsel, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.