36 C.C.P.A.(Patents)

### Application of JOHNSON.
### Patent Appeals No. 5594.

United States Court of Customs and Patent Appeals.

June 28, 1949.

Woodling & Krost, Cleveland, Ohio (George V. Woodling and Bruce B. Krost, Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner denying appellant's application for a patent for an alleged new, original, and ornamental design for pliers.

The references are:

Kellemen et al. 832,200 Oct. 2, 1906;
Seger 2,070,217 Feb. 9, 1937;
Item No. 470, page 92, J. Pritzlaff Hardware Company, 90th Anniversary Catalog. Copyright 1939, Copy in Designs Division.

The single claim in appellant's application reads as follows:

"The ornamental design for pliers substantially as shown."

The application discloses pliers having rounded outer surfaces of the jaws with

teeth in the gripping portions of the pliers. It clearly appears from the disclosure of the patent to Seger, however, and it is not denied by counsel for appellant, that rounding the angular areas of the jaws of pliers is old in the art. In other respects the shape of the pliers disclosed in the mechanical patent to Kellemen et al. and, in particular, the contour of the pliers, No. 470, illustrated in the cited publication of the Pritzlaff Hardware Company so nearly resemble appellant's design that only a minor difference between them can be discerned, such as a slight variation in the curvature of the end portions of the handles.

The tribunals of the Patent Office held that appellant's design, and the differences between appellant's design and those of the cited references, when considered as a whole, did not constitute invention but was well within the scope of variation expected of the routine designer.

It is contended by appellant that the Patent Office has erred; that patentability lies in the sleek, shapely, and trim appearance throughout his design; that the general and over-all effect thereof presents a pleasing smoothness and balanced appearance; and that he has produced a novel and distinctive design not suggested in the prior art.

■ A design must be judged from its appearance as a whole and to be patentable must possess beauty and originality. The mere fact that all the elements of a design may be old does not prevent the design from being patentable. However, the design statute, Sec. 4929, R.S. § U.S.C., title 35, sec. 73, 35 U.S.C.A. § 73, provides that "Any person who has invented any new, original, and ornamental design for an article of manufacture, * * * may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section forty-eight hundred and eighty-six, U.S.C., title 35, sec. 31, obtain a patent therefor." Accordingly, the courts have held that it must be evident that the exercise of the inventive faculty was present in the production of a design before a patent will be granted covering the design. See In re Walter, 39 F.2d 724, 17 C.C.P.A.,Patents, 982; In re Staun, 53 F.2d 545, 19 C.C.P.A., Patents, 713; In re Griffith, 86 F.2d 405, 24 C.C.P.A.,Patents, 713; In re Franck, 136 F. 2d 711, 30 C.C.P.A.,Patents, 1235, and authorities therein cited and reviewed. See also Smith v. Whitman Saddle Company, 148 U.S. 674, 679, 13 S.Ct. 768, 37 L.Ed. 606; J. R. Wood & Sons, Inc., v. Abelson's, Inc., 3 Cir., 74 F.2d 895; Forestek Plating & Mfg. Co. v. Knapp-Monarch Co., 6 Cir., 106 F.2d 554.

■ The intent of the Congress in the enactment of the design statute was stated in the decision of this court in the Walter case, supra, to the following effect [17 C.C. P.A. 982, 39 F.2d 725]:

"It should be remembered that the purpose of the law authorizing the grant of patents for designs was to give encouragement to the decorative arts, but it was not the purpose to grant a monopoly over a particular design, even if it presents a new and distinctive appearance, if its creation did not involve invention. The decorative arts would be retarded instead of advanced if one without the exercise of the inventive faculty, upon seeing a new article come into common use, could draft designs covering all attractive forms of the article and secure patents for them, thus preventing the use of the article by the public, except in its most unattractive form, unless tribute be paid to him who had secured the patents."

■ The design presented in appellant's application is attractive in its appearance but, in view of the disclosures of the art of record and the state of the law, as hereinbefore expressed, the court concludes that no invention was involved in the production of the design. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.