**PATRIARCA MFG., INC., a corporation, Domenico Patriarca, an individual, and Donald A. Cameron, an individual, Appellants,**

v.

**Melvin SOSNICK, Marvin Sosnick, and Peter Sosnick, a co-partnership, doing business as Melvin Sosnick Co., and Melvin Sosnick and Peter Sosnick, individuals, and Alfred Austruy, an individual, Appellees.**

No. 16440.

United States Court of Appeals
Ninth Circuit.

April 1, 1960.

**390**

Mellin, Hanscom & Hursh, Jack E. Hursh, Oscar A. Mellin, Leroy Hanscom, San Francisco, Cal., for appellants.

Donald F. Farbstein, Connolly & Farbstein, San Francisco, Cal., for appellees.

Before STEPHENS, BONE and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Appellants have brought this action for infringement of a design patent. The District Court ruled that the patent was invalid for the reason that the design was lacking in invention and, upon this ground, dismissed the complaint with prejudice. This appeal was then taken. The sole question raised is the patentability of the design.

The design is that of a showcase used principally in the display of cigars. Letters patent were issued to Appellant Cameron upon this showcase on December 2, 1952, being No. Des. 168,288, entitled "Self-Service Display Container." Appellant Patriarca has acquired a one-half interest in the patent. Appellant corporation of Providence, Rhode Island, is the exclusive licensee for the manufacture and sale of the showcase.

Appellees Sosnick were engaged in the wholesale cigar distributing business in San Francisco. They admit having sold to certain customers cigar showcases manufactured in Los Angeles by the Rubinfeld Showcase Company, identical in design with that covered by the design patent of appellants. Appellee Austruy admits having purchased a Rubinfeld showcase from the Sosnicks.

The District Court had before it, as an example of prior art, a showcase manufactured in San Francisco under the name of "Royal." The Royal showcase had not been before the Patent Office at the time the design patent of appellants was issued. The court found in part as follows:

"24. The showcase of the Design Patent strongly resembles the prior art in general appearance and central theme.

"25. The showcase of the Design Patent is a particularly streamlined, well proportioned and harmonious arrangement of the elements of the

general type of showcases that have been in use in the industry prior to the application for the Design Patent but it does not constitute something new, different and original in the art.

"26. The testimony of Marcus Glaser, who is an expert in the field of cigar showcases, clearly established commercial success of the showcase of the Design Patent but the said showcase is so clearly lacking in invention that its commercial success cannot persuade one that the showcase presents the quality of patentable invention.

\*     \*     \*     \*     \*     \*

"28. The differences between the showcase of the Design Patent and prior designs such as the Royal showcase are within the ability of the ordinary designer in the field of display showcases.

"29. The showcase of the Design Patent does not rise to the dignity of patentable invention."

The court concluded:

"Cameron U.S. Design Patent No. Des. 168288 is invalid for lack of invention."

■■ After a study of the record, we find ourselves in complete accord with the District Court. To be patentable, the design, viewed as a whole, must produce a new impression upon the eye.[1] Where invention is plainly lacking, commercial success cannot fill the void.[2]

The Royal showcase was similar to the patented showcase in that it presented two front panels: an upper sliding panel of glass back of which the merchandise was displayed and which extended outward and downward from the top of the case; a lower wooden panel which extended downward and rearward or backward. The two showcases differed in that the upper panel in the patented case was larger, extending downward to a greater extent and giving more comprehensive display; and in that the lower panel extended more sharply rearward.

It is upon this difference that appellants base their contention that their design departs from prior art. They state in their opening brief:

"The effects of the two show cases are much better visualized when we consider the appearances of the two cases to a customer, as seen from the height of the customer's eyes. When viewed from above the level of the glass doors, plaintiffs' rearwardly sloping lower front wall tends to disappear. This leaves the contents of the case suspended out towards the customer, offering themselves to him. In the Royal case, the vertical lower front wall remains in view to the customer, imposing itself on the customer's consciousness and diverting his attention from the cigar display in the case. Described in another way, the lower front wall of the Royal cabinet sets up a barrier to sales, while plaintiffs' wall invites the customer to buy."

■■ One may well agree that the patented showcase presents a more pleasing appearance and one more calculated to tempt the customer. One may well conclude that, artistically and from a merchandising point of view, the patented showcase marks an advance in matters of design. Not every advance, however, is the result of creative invention.[3] More often it can be credited to the normal progress which results when discriminating taste and judgment are

1. Battery Patents Corporation v. Coe, 1937, 68 App.D.C. 61, 93 F.2d 220, 225; Forestek Plating & Manufacturing Co. v. Knapp-Monarch Co., 6 Cir., 1939, 106 F.2d 554, 559; Application of Johnson, 1949, 175 F.2d 789, 36 CCPA 1145; R. M. Palmer Co. v. Ludens, Inc., 3 Cir., 1956, 236 F.2d 496, 501.

2. Jungersen v. Ostby & Barton Co., 1949, 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235.

3. Maragrian v. Detroit Products Co., 9 Cir., 1942, 128 F.2d 544.

applied to that which has already been discovered or created. Here the patented showcase embodies nothing new. The record shows that even the degree of cutback of the lower panel, so much emphasized by appellants, appears in a display case design patented by one I. Rosenberg in 1895.

Appellants have happily combined matters of prior art into a pleasing assemblage. They may be credited with good taste and a sound sense of proportion, but not with creative invention.

Affirmed.