## In re KLUTER.
### Patent Appeal No. 3837.

Court of Customs and Patent Appeals.
Dec. 6, 1937.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and G. W. Daisley, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C.,

of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

All of appellant's claims in an application for a patent relating to lawn mower tires were rejected by the Primary Examiner of the United States Patent Office, and upon appeal to the Board of Appeals the decision of the examiner was affirmed. Appellant has appealed here from the decision of the Board.

Some of the claims relate wholly to the construction of the tire while others call for a combination between the lawn mower wheel and the tire. The subject matter of the application is expressed in claims 1 and 4 which we think are illustrative. The claims read:

"1. A demountable tire for use on the wheels of a lawn mower or like machine made of rubber or like elastic material and consisting of a solid tread portion of substantially rectangular cross section, the width of said tread portion being substantially equal to the width of the wheel with which the tire is to be used, and a pair of plane flange portions formed integrally with and extending inwardly from the edges of said tread portion at right angles thereto, said flange portions being so constructed as to embrace the edges only of said wheel, the inner diameter of the tread portion of said tire when in unstressed condition being slightly less than the outside diameter of the wheel, and the connection between said tire and wheel when assembled depending upon the resilient gripping of the wheel by the tire and the engagement of said flange portions with the edges of the wheel.

"4. In combination with a lawn mower wheel of the type mounted for rotation in a plane spaced closely adjacent the side frame of the mower structure, a tire of elastic material removably mounted on said wheel consisting of a solid tread portion of substantially rectangular cross section having a width substantially equal to the width of said wheel, and a pair of plane flange portions formed integrally with and extending inwardly from the edges of said tread portion at right angles thereto, said flange portions snugly engaging the edges only of the wheel and preventing lateral displacement of the tire with respect to said wheel, the flange portion engaging the inner edge of the wheel being thinner than the space between said edge and the adjacent side frame of the mower structure, said tire being held in position on said wheel by its resilient gripping of the wheel and the action of said flange portions in embracing the wheel edges."

The references relied upon by the examiner are: Bryan, 502,808, August 8, 1893; Hubbard, 1,492,849, May 6, 1924.

The Board cited one more reference, McClevey, 1,396,515, of November 8, 1921.

The examiner described the invention, discussed the two references Bryan and Hubbard, and gave his grounds of rejection by employing the following language:

"The invention in the case consists of a rubber tire adapted for use with a lawn mower wheel consisting of a flat annulus of rubber having side flanges adapted to engage the side edges of the wheel rim and to be held thereon thereby and by the elasticity of the rubber.

"The claims are drawn to the combination of the tire and the wheel of a lawn mower and to the tire for such use and by applicant's argument and the affidavits filed, the contention of patentability appears to be dependent on the use of the tire in the combination so set forth.

"Both the patents to Hubbard and Bryan show such a tire to be old for use with wheel of other forms of vehicles and in structure each of these patents is the substantial equivalent of applicant's tire.

"It is held that the use of the tires of the references with a lawn mower wheel and any advantages obtained by such use would be nothing more than the obvious and inherent, and that the combination claimed would not involve invention."

The Board, in affirming the examiner, pointed out that the patents to Hubbard and Bryan each shows a tire like the applicant's and that the tires of the references were used in the same way on wheels of other forms of vehicles. The Board was of the opinion that in view of the showing of Hubbard and Bryan the placing of such tires on a lawn mower would be the obvious thing to do and that any advantages in employing such tires on a lawn mower are only such as are inherent in the tires as used by Hubbard and Bryan. The Board stated that there were no limitations in the claims that were not met by Bryan and Hubbard. Applicant had insisted there,

however, that some of his claims included a provision for the corrugated inner surface of the tire to co-operate with the conventional corrugations found on lawn mower wheels. The Board then pointed out that this feature was clearly anticipated by the showing of McClevey, supra, that McClevey used the corrugations for the same purpose, and that any limitation in the claims as to the corrugations on the external surface of the tread was also shown by McClevey.

Bryan's tire is for carriage wheels, particularly perambulators and invalid chairs. It is of rubber with flanges which grip the wheel upon which the tire is adapted to be placed. Hubbard shows a wheel tire which he says is particularly designed for use on the wheel of a child's wagon, although he states it is capable of other uses. His tire is so constructed that it has a tread portion adapted to be seated on the rim. He states that his tire is stretched to receive the rim and stays in place by the tension of the yielding material.

■ The McClevey patent is not shown in the record and under these circumstances we must assume that it shows the features for which it was cited by the Board. In re Pirani and Nitschke, 75 F.2d 223, 22 C.C.P.A. (Patents) 1002.

Appellant has filed with us a voluminous brief and has argued with great earnestness that his claims should be allowed and that he should have patent protection for what he has done inasmuch as his tire is the first tire of the kind ever used on a lawn mower, although he concedes that it is old to use rubber tires on lawn mowers. He argues that it required invention to take the prior art tires for vehicles and apply them to a lawn mower. He points out that before the tribunals of the Patent Office were certain affidavits showing great commercial success and that this matter should be given consideration in passing upon the question of invention.

■ It has not been made clear to us that the tribunals of the Patent Office were in error in holding that, in view of the state of the prior art, it did not require invention to apply the old art vehicle tires to a lawn mower as appellant has done.

■ Commercial success is sometimes looked to as indicating invention where there is doubt on that question. We are not in doubt on that subject and the absence of invention cannot be supplied by a showing of commercial success. Under certain circumstances it is a matter to be considered, but it must be remembered that commercial success may spring from various causes. Salesmanship, manufacturing costs, advertising, and many other things may have brought about commercial success where there was no inventive act whatever.

While appellant states that the toy wagon, carriage, perambulator, and invalid chair tires of the prior art are "almost non-analogous art," it is argued that his improvement might be said to be more in the lawn mower art than the tire art. We are not impressed with the contention that the tires of the prior art are in such a non-analogous art as to fail to suggest to the skilled mechanic who is seeking to make a good lawn mower tire that he might use the vehicle tire on a lawn mower in the manner suggested by the prior art patents. In Re Schneider, 47 F.2d 970, 971, 18 C.C.P.A. (Patents) 1114, we quoted from the leading case on this question, C. & A. Potts & Co. v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275, the following language: " 'As a result of the authorities upon this subject, it may be said that, if the new use be so nearly analogous to the former one that the applicability of the device to its new use would occur to a person of ordinary mechanical skill, it is only a case of double use; but if the relations between them be remote, and especially if the use of the old device produce a new result, it *may* at least involve an exercise of the inventive faculty. Much, however, must still depend upon the nature of the changes required to adapt the device to its new use.' (Italics quoted.)"

This is not a case where an inventor has gone to the prior art and found that by modification amounting to invention he might adapt an old art structure to a new device. As we see it, appellant has done nothing more than use a well known old art vehicle tire for a lawn mower without any modification which required invention. See In re Egloff, 79 F.2d 917, 23 C.C.P.A. (Patents) 769.

■ Appellant points to the fact that he has obtained a patent upon his tire in Canada and he argues from this fact that his work should be regarded as something more than the exercise of the mere mechanical skill. The record discloses no Canadian patent, and if it did it would be wholly immaterial in considering the issue

here presented. In re Kleine et al., 83 F. 2d 928, 23 C.C.P.A. (Patents) 1216.

No useful purpose can here be served by answering further the many different arguments and contentions made in appellant's brief. We think the tribunals below rejected appellant's claims upon the proper grounds, and the decision of the Board of Appeals is affirmed.

Affirmed.