28 C.C.P.A. (Patents)

In re DAY.

Patent Appeal No. 4459.

Court of Customs and Patent Appeals.

March 31, 1941.

Charles C. Scheffler and Eugene L. Greenewald, both of New York City (Horace B. Van Valkenburgh, III, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

Appellant here seeks reversal of a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for lack of patentability over the cited prior art, claims 13, 23, 24 and 25 of his application for a patent. No claims have been allowed.

Claim 13 is illustrative of the subject matter involved and reads as follows: "13. Method of concurrently and uniformly surface hardening gear teeth having a diametral pitch of about six or greater,

which comprises rotating the gear about its axis at from about 50 to about 120 R.P.M. directing a plurality of heat sources of suitable intensity and of a width equal to the width of the face of said gear against said teeth while said gear is rotating until the surfaces of said teeth have reached a hardening temperature to the desired depth, said heat sources being positioned at about every six to twelve inches of circumference of said gear, and thereafter directing a stream of water against said teeth to quench the same while said gear is still rotating."

Appellant's alleged invention is described by the Board of Appeals in its decision as follows:

"The claims on appeal are directed to a method of surface hardening a ferrous metal body of generally cylindrical form.

"Appellant is specifically concerned with the hardening of the teeth of a gear, the threads of a screw or some like generally cylindrical object having surface protuberances. The method claimed involves rotating the object in front of a heating flame having a lateral extent corresponding to the width of the object to be treated and at such a rate as to bring the surface of the object which it is desired to harden rapidly to a hardening temperature. When the desired heating has been effected, the article is quenched and a surface layer of considerable depth and having the desired hardened characteristics is produced. Because of the rapidity and local character of the heating, the interior of the article substantially retains its untempered condition."

The references cited are:

Howe, 736,103, August 11, 1903.
Brown, 1,687,656, October 16, 1928.
Bissell, 1,759,603, May 20, 1930.
Klopp, 1,879,850, September 27, 1932.
Stoffel et al., 1,924,296, August 29, 1933.
Kinzel, 2,076,515, April 6, 1937.

The patent to Howe is not contained in the record certified to us. It is referred to in the Office action by the examiner as disclosing the heating of only the surface portion of a wheel and is referred to in his statement, together with the patents to Bissell, Stoffel et al., Klopp, and Kinzel, as disclosing the same process broadly as that disclosed by appellant, except that in the references the process is applied to truly cylindrical or other smooth surfaces. The

board did not specifically refer to the patent to Howe, but there is a general affirmance of the decision of the examiner.

In appellant's reasons of appeal there is no mention of the Howe patent. However, we think it is fair to assume from the record that the Howe patent was merely cumulative, and disclosed no element forming a ground of rejection that is not disclosed by the patents to Bissell, Klopp, Stoffel et al., and Kinzel. Therefore we will consider the case upon that basis.

The disclosures of the references, so far as material here, are concisely described in the brief of the Solicitor for the Patent Office as follows:

"The patents to Bissell, No. 1,759,603 (R. p. 36), Klopp, No. 1,879,850 (R. p. 40), Stoffel, No. 1,924,296 (R. p. 43), and Kinzel, No. 2,076,515 (R. p. 50) show the heat treatment of generally cylindrical objects by rotating them on their axes in proximity to one or more sources of intense heat. After heating, the articles are subject to a quenching operation which, in Stoffel and Kinzel, consists in spraying water on the article while rotating, and in Bissell consists in immersing the article in water while continuing its rotation. None of these patents specifically states that the cylindrical article being treated may be a gear or a threaded pipe but Bissell states that his process is 'applicable to many objects and may be carried out by varied mechanisms and by the employment of various sources of heat' while Klopp mentions 'pistons, shafts, running wheels and the like' as suitable for treatment by his process.

"The Brown Patent

"The patent to Brown, No. 1,687,656 (R. p. 32), discloses the heat treatment of gear elements by subjecting their peripheries to a source of intense heat directed radially inward from points adjacent the outer working surface. This heat may be applied by an electric induction coil or by the combination of such a coil with gas burners."

We may add that the patent to Bissell recites as follows: "The objects are accomplished by a process by which portions of an object, such as the surface forming the seat of a valve, are subjected to an intense heat for a short period of time, by placing the object in the zone of an intense heat, such as an electric arc or an acetylene torch, and relatively rotating the object and the heat-producing means so *rapidly* that the entire surface or zone to be treated is uniformly heated to the desired temperature without permitting adjacent surfaces of the object to become affected by the heat to a substantial extent, and afterwards quenching the same, preferably by rotating the object in a quenching bath." (Italics ours.)

Appellant's application states that prior to his alleged invention it had been the common practice to harden gear teeth and screw threads individually by subjecting one tooth or one thread turn at a time to progressive heating to the critical range and then quenching.

It is clear to us that the process disclosed by Bissell, Klopp, Stoffel et al., and Kinzel is substantially the same as that disclosed by appellant, the only difference being with respect to the object to which the process is applied. None of the references disclose the application of the process to gear teeth or screw threads. However, the purpose of the process in the references is the same as the purpose of appellant, viz., the hardening of the surface only of the object without materially affecting the interior of the article.

Appellant's application states: "This invention relates to the art of surface hardening metallic bodies, having special reference to a method of surface hardening ferrous metal bodies having spaced elevated portions of substantially the same contour and subsequently equidistant from each other, such as the teeth of gears and screw-threaded portions of pipes, shafts," etc.

The Brown reference clearly teaches the advantage of applying heat over the whole periphery of a gear before quenching. The Board of Appeals held that the process disclosed by Brown is broadly the equivalent of the process here claimed. The board further held that the Brown patent is sufficiently suggestive of the uses for gears of the processes shown by the references Bissell, Stoffel et al., Klopp, and Kinzel to negative invention in such use.

In this last holding we concur. Bissell especially discloses the process embraced in the claims before us; and in view of his statement that his process is applicable to many objects, we do not think that he could be made to pay tribute to appellant, should the latter obtain patent, if he, Bissell, applied his process to the hardening

of gear teeth. In other words, we think that one skilled in the art, with all the references before him, could, without the exercise of the inventive faculty, employ the process disclosed by Bissell and the other references in the hardening of gear teeth and screw threads.

There is in the record an affidavit of commercial success. Had we reasonable doubt upon the question of patentability of appellant's claims, commercial success of appellant's process would be a material consideration; but, having no such doubt, we may not consider it. In re Ackenbach, 45 F.2d 437, 18 C.C.P.A., Patents, 769.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.