Application of WEIL.
Patent Appeal No. 5938.

United States Court of Customs
and Patent Appeals.
Feb. 6, 1953.

Collins Mason, Los Angeles, Cal., and Donald A. Gardiner, Washington, D. C. (Mason & Graham, Los Angeles, Cal., and Spencer B. Michael, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner denying appellant's application for patent of a design of an infant's play garment.

A description of the design is given in the decision of the board as follows:

"The drawing illustrates a garment having an upper portion provided with supporting suspenders crossed at the back, and a lower bifurcated portion constituting tapered leg portions provided with integrally formed foot coverings."

The brief on behalf of appellant states:

"As will appear from the drawing, the design is uniquely hybrid in that it involves an original ornamental ensemble having characteristics of an overall-type play garment as well as characteristics of a sleeper-type garment of novel form."

The following references were relied upon: Astrove 2,291,861, Aug. 4, 1942; Forkish 2,436,165, Feb. 17, 1948; Sears Roebuck Catalog No. 188, 1944, page 231, Item T; Sears Roebuck Catalog No. 196, 1948, page 80, Item F.

It may be said that each of the patents cited is for a garment per se—not for a design. The patent to Astrove is entitled "Infant's Outer Garment;" that to Forkish, "Child's Outer Garment." Presumably they were granted because of the utility of the garments, not because of the appearances of the garments. However, as was said in the case of In re Bigelow, 194 F.2d 545, 547, 39 C.C.P.A., Patents, 827, 830, "It is well settled * * * that product patents, when pertinent, constitute valid references in design applications."

■ So far as shown, the garments cited in the Sears Roebuck Catalogs are not patented, but that fact does not detract from their validity as references.

It was pointed out in the decision of the board that both the Forkish patent and "Item T" in the Sears Roebuck Catalog of 1944 disclose a child's play garment having suspenders which serve to uphold a lower body portion, and that both the Astrove patent and "Figure F" in the Sears Roebuck Catalog of 1948 show lower body portions of a garment the legs of which have coverings for the feet which are integral with the leg coverings.

The drawings of the Forkish patent show the suspenders crossed at the back in the same manner as the suspenders in the application here involved, and in "Figure F" of the 1948 catalog a partly folded lower body portion shows foot portions integral with the leg portions, the leg portions being gradually tapered from the crotch to the point where the foot section begins.

The latter garment is advertised in the catalog as a "sleeper," meaning a garment to be slept in, while appellant's garment is said to be one to play in, but use, of course, has nothing to do with design, so far as the design patent law is here concerned.

It is urged on behalf of appellant that "(a) Viewed as a Whole, Appellant's Design Has No Counterpart in the Art," and, "(b) The Individual Elements of the Design Are Not Even All Separately Old."

We consider first allegation (b). As we understand the contention, it is, in effect, that since there is some difference in the taper which appellant gives to the legs of his garment and the taper of those shown in the catalog figure, and also some difference in taper between the legs of his garment and the legs shown in the Astrove patent, he should be accredited with presenting something new in taper designing. Also it seems to be contended in appellant's behalf that he has presented something new over the prior art in the shape and proportion of the foot sections of the garment.

It may be conceded that if one take a hurried, superficial glance at the *drawings* of the application and those of the patents together with a similar glance at the picture shown in the catalog figures, a slight difference in leg taper and in foot conformation may be detected, but whether such differences would show in a garment fashioned from appellant's drawings may well be questioned and, in any event, we are unable to reconcile ourselves to a conclusion that appellant's change in that regard required the exercise of the inventive faculty.

■ It must be remembered that design patents, like all others, are issued only as reward for invention.

There were presented before the tribunals of the Patent Office and considered by them, a number of affidavits, verified published articles, testimonial letters, etc., indicating that appellant's infant's play garments have been quite successful from a commercial standpoint. His sales have been extensive and seemingly easily made.

■ The Primary Examiner in the Designs Division of the Patent Office discussed the matter of commercial success in part as follows:

"* * * Many articles meet with public approval and are readily salable but still do not meet one or more of the requirements of novelty, originality, ornamentality and invention necessary for a patentable design. In the present case, any commercial success the garment may have received is not believed to be persuasive of patentability 'as the absence of invention cannot be supplied by a showing of commercial success'. In re Kluter, 92 F. 2d 906, 25 C.C.P.A., Patents, 730, 488 O.G. 213; 1938 C.D. 144; * * *. Further, a close analysis of the submitted clippings reveals that any appeal the garment may have is based mainly on its utilitarian advantages rather than on any ornamental aspects thereof, namely, that the baby's feet are kept warm and clean. It is well settled, however, that a design patent cannot be granted for the protection

of utilitarian advances over the prior art. Ex parte Johnson, 159 O.G. 992; 1910 C.D. 192 and Ex parte McGowen, 336 O.G. 13; 1925 C.D. 39."

The board's decision was in harmony with that of the Primary Examiner.

We have examined and studied the various affidavits, letters, etc. and we are not convinced that they justify a conclusion that the success attained resulted simply from the appearance or design of the articles.

Appellant's own affidavit states, *inter alia:*

"In my personal contacts [he was shown to be an experienced salesman in the field of infant's and children's apparel] with the trade, I find that the factor which appears to be the principle reason for its unusual popularity is that it is a suspender type outer garment having integral feet, which gives to the garment an attractive and entirely unique appearance *suggesting both freedom of body movement and safety against exposure.*" [Italics ours.]

It is certainly difficult to draw any conclusion from the foregoing facts other than that the commercial success of appellant's garment was due to its utility.

We think it obvious that if appellant were here seeking an article patent he could not prevail over a combination of the "suspender feature" shown in the Forkish patent and the "pants feature" shown in "Figure F" of the 1948 Sears Roebuck Catalog. Invention would be lacking. The alterations in the new garment would lie readily within the skill of the art. So far as this particular case is concerned, we think the same principle must be applied. The alterations in taper and conformation which might make a slight change in the appearance of the garment are well within the skill of the art and required no exercise of the inventive faculty in either conception or execution.

We are not convinced of error on the part of the Board of Appeals and its decision is affirmed.

Affirmed.