40 C.C.P.A. (Patents)

**Application of ABRAMS et al.**

**Patent Appeals No. 5970.**

United States Court of Customs and Patent Appeals.

June 17, 1953.

Louis Barnett, Brooklyn, N. Y., for appellants.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting the single claim in appellants' application for a patent for a design for a Personal Carrying Wearing Apparel Brush. The claim was rejected on the ground of lack of invention over the prior art.

The appealed claim reads as follows:

"The ornamental design for a Personal Carrying Wearing Apparel Brush or the like Article as shown."

The references relied on are: Ingwersen et al., 1,927,093, Sept. 19, 1933; Amstutz, D-154,454, July 12, 1949.

Appellants' application discloses a wearing apparel brush of the extendable-retractable type. When in closed position it has a rectangular shaped casing formed

with sharp appearing corners broken by an outstanding bead on the lower rim of the bottom open side and a single continuous bead extending across the flat top side and centrally along the edge sides the ends of the bead on the edge sides merging with the rim bead. The front side has a slot through which is extended a flathead actuating screw facilitating the withdrawal or positioning for use of the brush in and out of the case.

The Ingwersen et al. reference is a mechanical patent covering a retractable brush and a protective case. This reference discloses a retractable brush in a rectangular shaped case which has a general overall appearance very similar to the case embraced in the subject design. It does not have the outstanding bead on the rim of the bottom side of the casing or the single bead extending along the edge sides and the flat top side which merges with the rim bead. It also has rounded corners.

Amstutz, cited by the examiner as cumulative art, was not given any consideration by the board and will not be given consideration by us.

It was the opinion of the board that the general overall appearance of appellants' brush and of the Ingwersen et al. brush is substantially the same; that the only feature in appellants' brush that tends to differentiate it from the Ingwersen et al. brush is the bead about the lower rim of the bottom open side and the bead extending along the edge sides and flat top side which merges with the rim bead; that the beading while tending to give appellants' brush a more pleasing appearance does not influence the overall appearance of the brush to the extent that it can be said that it establishes such novelty and originality in its configuration that the average observer would accept it as an appearance wholly different from the Ingwersen et al. brush; that the average observer would merely view it as a modification of the Ingwersen et al. brush and that appellants have merely impressed upon the fundamental configuration of the prior art surface beads which *per se* are obvious expedients to a routine designer and which in nowise changes the general overall appearance of the configuration.

The board also noted the affidavit of commercial success but stated that since a question of doubt did not arise in reaching its conclusion on the question of patentability of the appealed claim that it deemed it unnecessary to give the affidavit any further consideration.

Appellants contend that their design differs in overall appearance from the prior art and that it is a novel combination of harmoniously arranged elements attractive in appearance and having aesthetic appeal.

In considering design patents the courts have almost universally applied the rule that it is not enough if a particular design be new, original and ornamental, but there must be present the exercise of the inventive faculty as well. In re Faustmann, 155 F.2d 388, 33 C.C.P.A., Patents 1065 and cases cited therein.

While patentable designs may result from regrouping familiar forms and decorations, the substitution of a slightly different form already in use in articles of the class to which the design is applied, does not merit a monopoly. In re Johnson, 175 F.2d 791, 36 C.C.P.A., Patents, 1175.

The degree of difference required to establish novelty occurs when the average observer takes the new design for a different, and not a modified already-existing, design. Shoemaker, Patents for Designs, p. 76.

A design must be judged from its appearance as a whole and it must be evident that the exercise of the inventive faculty was present in the production of a design before a patent will be granted covering the design. See In re Walter, 39 F.2d 724, 17 C.C.P.A., Patents, 982; In re Staun, 53 F.2d 545, 19 C.C.P.A. Patents, 713; In re Franck, 136 F.2d 711, 30 C.C.P.A., Patents, 1235, and authorities therein cited and reviewed.

The intent of the Congress in the enactment of the design statute was stated in the decision of this court in the Walter case, supra, to the following effect, 39 F.2d at

page 725, 17 C.C.P.A., Patents, at page 983:

"It should be remembered that the purpose of the law authorizing the grant of patents for designs was to give encouragement to the decorative arts, but it was not the purpose to grant a monopoly over a particular design, even if it presents a new and distinctive appearance, if its creation did not involve invention. The decorative arts would be retarded instead of advanced if one, without the exercise of the inventive faculty, upon seeing a new article come into common use, could draft designs covering all attractive forms of the article and secure patents for them, thus preventing the use of the article by the public, except in its most unattractive form, unless tribute be paid to him who had secured the patents."

The record contains evidence of commercial success, but such evidence is of value only where the question of patentability is otherwise doubtful. If there was any reasonable doubt as to the patentability of appellants' claim, commercial success of appellants' design would be of material consequence. As we have no such doubt, commercial success should not be given such consideration. See In re Day, 118 F.2d 352, 28 C.C.P.A., Patents, 1002; In re Thayer, 159 F.2d 742, 34 C.C.P.A., Patents, 893.

[6] Appellants' design when looked at alone is ornamental and pleasing to the eye but when it is compared to the prior reference it is evident that the production of the design did not require the exercise of the inventive faculty. Appellants have merely impressed upon the fundamental configuration of Ingwersen et al. the modification of sharper corners and beading around the top, bottom and on the sides which we consider as obvious expedients to a designer skilled in the art. We agree with the board that invention was not required in the production of the appealed design and the decision of the board is hereby affirmed.

Affirmed.