**HAWLEY PRODUCTS COMPANY,**
American Luggage Works, Inc.,
and Sol Koffler

v.

**UNITED STATES TRUNK CO., Inc.**
Civ. A. Nos. 57–159, 465, 599, 1016.

United States District Court
D. Massachusetts.

Dec. 18, 1957.

See also 158 F.Supp. 50.

Richard L. Johnston, Lloyd C. Root, Marzall, Johnston, Cook & Root, Chicago, Ill., Herbert P. Kenway, Kenway, Jenney, Witter & Hildreth, Boston, Mass., for plaintiff.

Isador S. Levin, Fall River, Mass., Herbert B. Barlow, Providence, R. I., for defendant.

WYZANSKI, District Judge.

In four companion cases there are involved design patent D–168,709 owned by Hawley Products Company, issued to Reineck et al. January 27, 1956, and four design patents issued to and owned by Sol Koffler, D–177,475 issued April 17, 1956, design patent D–178,889 issued October 2, 1956, design patent D–179,016 issued October 23, 1956, and design patent D–179,017 issued October 23, 1956. In three separate actions, C.A. 57–159,- 456, and 1016, the owners of the first four of these five patents charged defendant United States Trunk Company, Inc. with infringement; and in another action, C.A. 57–599, the defendant asked for a declaratory judgment declaring the last two of these five patents invalid. (American Luggage Works, Inc., although named a plaintiff in some of these actions has no legal interest in any patents and is therefore not properly a party to the causes of action considered in this opinion.)

Defendant manufactures a line of luggage known as Socialite and another line of luggage known as Sophisticase. The Socialite luggage is in three different series,—Series 50, Series 50C, and Series 60. Hawley Products Company as the owner of the first of the five listed patents (originally issued to Reinecke et al.) claims that all three of the Socialite series infringe patent D–168,709. Koffler as the owner of the four remaining patents claims that both Series 50C and 60 infringe both patent D–178,889 and D–179,016; and that Series 50C infringes patent D–177,475. Until recently Koffler claimed that defendant's Sophisticase line infringed both patents D–179,- 016 and D–179,017. While the claim of

894

infringement of patent D–179,017 has been withdrawn, plaintiff Koffler still maintains that patent D–179,017 is valid and circumscribes defendant's freedom to manufacture.

Despite the number of patents involved in this litigation the essence of the controversy before the Court is simple. For the design appearances disclosed in each of these patents are plainly within the creative ability of a designer of modest skills, imagination, and originality.

█ It will be most convenient to discuss first the Reinecke patent D–168,709 owned by Hawley. This covers the design for a portable typewriter case or similar article. Briefly, what is shown is a case having curved tapered surfaces, having a greater width at the bottom than at the top when the case is stood in a vertical position, and having the widest point of the case approximately one-third of the way up from the bottom. Stated more in detail, the patent discloses a carrying case embodying certain design features wherein a progressive development of a curved surface has been utilized on all four sides of the case to give the weight distribution its greatest visual weight below the center of gravity making it wider at the bottom and narrower at the top on all four sides as it stands in a vertical position, with the widest part of the case below the center thereof but above the bottom, further characterized by a combination of design features wherein (1) the large sides of the case have a curved taper which extends upwardly and outwardly from the bottom, and then inwardly again in soft curves reaching a maximum outward dimension at a point intermediate the bottom and the mid-point of the sides, (2) the said large sides of the case also have a constantly curved surface from one end to the other with the greatest dimension at the center, (3) the ends are narrower than the sides and likewise have a gradual taper from bottom to top, and (4) the top of the case also has a constantly curved surface from one end thereof to the other.

█ It is hardly necessary to refer to the prior art to show that there is in this disclosure nothing which comes close to meeting the standard of invention required by 35 U.S.C. § 171. That section permits a design patent for one who "invents any new, original and ornamental design." It makes the test whether the appearance or visual effect of the design is the result of that extra margin of human capacity involved in invention rather than the result of craftsmanship or mere skill in the art. R. M. Palmer Co. v. Luden's, Inc., 3 Cir., 236 F.2d 496, 500–501. "It is well settled that * * it will not suffice merely to show that the design is novel, ornamental, or pleasing in appearance * * * It must reveal a greater skill than that exercised by the ordinary designer who is chargeable with knowledge of the prior art." General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F.2d 853, 854. Cf. 35 U.S.C. § 103.

We have in this patent a visual effect or appearance which is not strikingly novel. The design is a simple, easily conceived combination of well known elements. That is the combination itself, as well as its elements, would be obvious to a person of ordinary skill in the art. There is admittedly nothing original about progressively curved surfaces on the ends of a carrying case (Thomson patent D–161,067), or the use of curved surfaces where the greatest dimension is at the mid-point of the side or end (Wheary patent 2,357,037). While no one may have used the exact combination Reinecke discloses, the visual effect or appearance of the combination hardly has ingenuity and is far short of the Constitutional and statutory standard of invention. Gold Seal Importers v. Morris White Fashions, 2 Cir., 124 F.2d 141, 142. If this patent to Reinecke be valid, it is difficult to imagine any distinctive design which would not be patentable unless its precise features in the selfsame combination existed in the prior art.

To accept in this case plaintiff's contention of validity would be to convert

the standard of patentability from that of invention over the prior art to that of variation from the prior art. But this is not permissible. "The fact that a design may be distinguished from those found in the prior art does not import the required novelty and ornamentation; its overall aesthetic effect must represent a step which has required inventive genius beyond the prior art." Thabet Mfg. Co. v. Kool Vent Metal Awning Corp., 6 Cir., 226 F.2d 207, 212.

Therefore, I find that patent D–168,709 is invalid for want of invention.

Patent D–177,475 covers hand luggage or similar articles having a combination of curves, contours and tapers like those shown in design patent D–168,709 combined with a smooth metallic band completely circumscribing the article, the band being bordered by portions of the article contrasting in color with the band and having a bright surface as compared to the bordering portions. The exact words of the patentee's description are:

"The characteristic feature of my design consists in the provision of a smooth metallic band completely circumscribing the article and providing a raised portion thereon, the band being bordered by portions of the article contrasting in color with the band, and having a bright surface as compared to the bordering portions, the band thereby being adapted to stand out from the surface of the article and be thrown into sharp relief by the contrasting brightness and colors."

Prior to this patent, Wemyss patent D–147,825 had disclosed a rectangular suitcase having a single band of metal extending around three sides of a case. Arbib patent D–154,229 had shown rectangular luggage having applied thereto two bands, rather than one, going around the whole case. With these and other examples of the prior art before him, any competent designer could have originated the design of a single smooth, unbroken, bright metal band circumscribing the long dimension of the case and at the middle of the case. If the patent law

were to regard the appearance of this design as an invention, it would reduce the test of invention to a point where the slightest departure from earlier ornamentation would be protected. Therefore, I find that patent D–177,475 is invalid for want of invention.

Patent D–178,889 claims an article of luggage but designates only the four base supports shown in solid lines, each base support having a tear drop shape, flattened on opposite sides but smooth in surface with a prominent long pointed tail. It covers the appearance of the support as it is applied to any shape of luggage.

Rich patent 607,132 shows an application to a trunk of a tear drop which has a less pointed tail, and which is flattened only on the side which contacts the case. And other patents show tear drops, of somewhat different shapes.

The degree of skill required to make the design disclosed in patent D–178,889 is not sufficient to meet the Constitutional and statutory standard and the patent is invalid for want of invention.

The two remaining patents may be discussed together. Patents D–179,016 and D–179,017 each claim an article of luggage as shown. The first comprises a case with two parallel lines of circumscribing trim or beading attached thereto, each line consisting of an open U-channel raised above the case with stitching located in the channel and at all times visible. The other comprises a case with two parallel lines of circumscribing trim or beading attached thereto, each line consisting of an open U-channel raised above the case with stitching located in the channel and at all times visible.

Parallel lines of trim or beading circumscribing luggage are shown in Blanke patent D–51,437 and Walinsky D–72,392. The lines were on luggage of a different type and the parallel lines were spaced differently from the disclosure in Koffler's two patents. But there is nothing startling or remarkable in the variations Koffler thought of and disclosed. The skill revealed by these patents is well

within the range of an ordinary practitioner of the craft exercising merely the skill of his calling. Both patents are invalid for want of invention.

Upon the basis of the foregoing findings defendants in Civil Actions 57–159, 465, and 1016 are entitled to judgment and plaintiff in 57–599 is entitled to a declaratory judgment.